ROBERT A. GWINNER and PATRICIA D. GWINNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gwinner v. Commissioner
Docket No. 3988-74.
United States Tax Court
T.C. Memo 1975-270; 1975 Tax Ct. Memo LEXIS 103; 34 T.C.M. (CCH) 1163; T.C.M. (RIA) 750270; August 25, 1975, Filed *103 J. Robert Jackson, for the petitioners. James L. Norris, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $610 in the Federal income tax of petitioners for the year 1971. We are to decide if petitioners are entitled to certain deductions related to Robert A. Gwinner's use of his automobile. FINDINGS OF FACT Certain facts have been stipulated and are so found. Petitioners Robert A. and Patricia D. Gwinner are husband and wife. They filed a joint Federal income tax return for the year in issue with the Western Region Service Center, Ogden, Utah. They resided near Ketchum, Idaho, when the petition herein was filed. Robert, a medical doctor, was a shareholder and employee of Parker & Gwinner, P.A., a professional association engaged in the general practice of medicine. The association's principal place of business was in the west wing of Blaine County Hospital, Hailey, Idaho. Robert and his associate, Alden Parker, were the only physicians on the staff of Blaine County Hospital. Therefore one of them had to be on call in the event of an emergency at the hospital at all times other than *104 regular office hours. During 1971 Robert made 232 round trips from his residence to the hospital in connection with emergency calls. Robert's residence was approximately twenty miles from the hospital. To travel this distance and back, Robert had to use his own automobile as no other mode of transportation was available. Parker & Gwinner, P.A., did not reimburse him for any of the expenses incurred in connection with the use of his automobile on these occasions. Statutory notice of the deficiency at issue herein was mailed on March 8, 1974. OPINION We are to decide if petitioners may deduct the expenses which Robert incurred when using his automobile on emergency calls to the Blaine County Hospital. We hold that they may not. It is well established that one may not deduct transportation expenses which one incurs as a result of a personal choice to live at a distance from one's regular place of business. ; . This is so even if the expenses are incurred in connection with emergencies occurring at times other than one's regular business hours. . *105 Had Robert been at his office when he was summoned to emergencies at the hospital, he would have incurred none of the expenses in issue. These expenses were incurred as a result of his decision to live twenty miles from his office. We therefore hold that the expenses are not deductible. Because of concessions, Decision will be entered under Rule 155.